COURTNEY J. LINN (SBN 148855)
clinn@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
400 Capitol Mall, Suite 3000
Sacramento, CA 95814-4497
Telephone:   (916) 329-7992
Facsimile:   (916) 329-4900

Attorneys for Defendants Mytel International, Inc. and Gilbert N. Michaels

TERRY W. BIRD (SBN 49038)
twb@birdmarella.com
ARIEL A. NEUMAN (SBN 241594)
aan@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM, DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Defendant Jerry P. Feldman

(Additional counsel listed on the following page)

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MYTEL INTERNATIONAL, INC., et al.,<br><br>Defendants. | Case No. 87-07259 GHK (SSx)<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF DEFENDANTS MICHAELS AND FELDMAN'S MOTION FOR PROTECTIVE ORDER POSTPONING THEIR DEPOSITIONS AND RESPONSES TO THE FTC'S REQUESTS FOR PRODUCTION**<br><br>Date:  September 1, 2015, 10:00 AM<br>Discovery Cutoff:  November 5, 2015<br>Pretrial Conference:  TBD<br>Trial:  TBD<br>Hon. Suzanne H. Segal |

1  THOMAS S. McCONVILLE (SBN 155905)
   tmcconville@orrick.com
2  ORRICK, HERRINGTON & SUTCLIFFE LLP
   2050 Main Street, Suite 1100
3  Irvine, CA 92614-8255
   Telephone: (949) 567-6700
4  Facsimile:  (949) 567-6710

5  WARRINGTON S. PARKER III (SBN 148003)
   wparker@orrick.com
6  ORRICK, HERRINGTON & SUTCLIFFE LLP
   405 Howard Street
7  San Francisco, CA 94105-2669
   Telephone: (415) 773-5740
8  Facsimile:  (415) 773-5759

9  Attorneys for Defendants Mytel International,
   Inc. and Gilbert N. Michaels
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Pursuant to Local Rule 37-2.3, Defendants Michaels and Feldman submit the following supplemental memorandum in support of their Motion for Protective Order Postponing their Depositions and Responses to the Federal Trade Commission's ("FTC") Requests for Production ("RFP") (ECF 138).

Dated: August 18, 2015

COURTNEY J. LINN
THOMAS S. McCONVILLE
WARRINGTON S. PARKER III
Orrick, Herrington & Sutcliffe LLP

By: /s/ Warrington S. Parker III
WARRINGTON S. PARKER III
Attorneys for Defendants Mytel International, Inc. and Gilbert Michaels

TERRY W. BIRD
ARIEL A. NEUMAN
Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, P.C.

By: /s/ Ariel A. Neuman
ARIEL A. NEUMAN
Attorneys for Defendant
Jerry P. Feldman

(As authorized by Counsel on August 18, 2015)

# INTRODUCTION

The FTC falsely suggests that granting Defendants Michaels and Feldman's request for a protective order would bring this litigation to a halt. It ignores the fact that it has complete access to Defendant Mytel's (seized) documents via the HBPD, has a discovery mechanism built into the 1988 Order which it chose to ignore, has served discovery on and will receive documents and 30(b)(6) testimony from Mytel, and has served discovery on numerous third-parties it claims are relevant to this litigation. Thus the FTC presents a false choice and asks the Court to deny Defendants' motion even though (1) it has virtually unfettered access to all of the critical documents and testimony necessary to its motion, and (2) it effectively concedes (by not contesting) that:

- there is an almost complete overlap between the FTC's contempt case and the OCDA/HBPD criminal investigation; and
- any relevant deposition question by the FTC will also be germane to the criminal case, implicating Defendants' Fifth Amendment rights.

Further, as discussed herein, recent additional evidence makes clear that the FTC and HBPD are cooperating so closely that it appears that the HBPD is inappropriately using this litigation as a stalking horse to gain access to testimony from Mr. Michaels and Feldman to which it would not otherwise be entitled.

As Defendants have explained, in such circumstances, courts routinely conclude that there is a heightened need for the type of protective order sought by Defendants. In this case, such an order is particularly appropriate given that the FTC has repeatedly represented that it can proceed with only the evidence attached to its original contempt motion. Now the FTC will be able to supplement that evidence with documents and testimony from a wide variety of sources, including—critically—Defendant Mytel. Protecting Mr. Michaels and Mr. Feldman from unfairly being put to the choice of being compelled to assist the FTC/HBPD in the criminal investigation by sitting for depositions and producing documents in violation of their Constitutional rights, or facing a likely adverse

inference in this litigation, will not prevent the FTC from moving forward.[1]

Thus, the FTC's continued citation to *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995), is largely inapposite. Defendants are not seeking a stay of the entirety of the FTC's action. They simply seek to protect their rights. Where the FTC has sat silent for almost 25 years, the burden on it of either moving forward without Mr. Michaels' and Mr. Feldman's personal testimony, or waiting until the coordinated criminal investigation is complete, is a small burden compared to that which the FTC attempts to impose on Mr. Michaels and Mr. Feldman.

### I. A PROTECTIVE ORDER POSTPONING MR. MICHAELS' AND MR. FELDMAN'S DEPOSITIONS IS WARRANTED

As the cases cited by Defendants demonstrate, the cure to Defendants' Fifth Amendment dilemma is the protective order they seek. *See* Joint Stip. at 8-13 (ECF 139). The fact there is no constitutional right to a stay does not dictate a different result, as the FTC suggests. *See id.* at 19:20-20:6. Again, Mr. Michaels and Mr. Feldman seek a limited protective order, not a stay. *United States v. Kordel*—cited by the FTC—expressly states that a protective order is the "appropriate remedy" where discovery would unduly burden a defendant's Fifth Amendment privilege.[2] 397 U.S. 1, 8-9 & n.15 (1970). It does not stand alone. Joint Stip. at 8-13 (ECF 139) (citing cases granting protective orders and stays). Indeed, the FTC's argument that an adverse inference can be drawn (*id.* at 20:6-13) merely makes the

---

[1] In the case of Mr. Feldman, the unfairness of his predicament is particularly acute. The FTC specifically excluded Mr. Feldman from the 1988 Order, did not seek to hold him in contempt in its 1991 action, and has yet to explain its basis or rationale for seeking to hold him in contempt now. Forcing him to respond to discovery under these circumstances would be extraordinarily inequitable. The Court should exercise its discretion to prevent this from occurring.

[2] The FTC incorrectly states that *Kordel* "squarely rejected" the argument that "being forced to confront the choice of invoking [the] Fifth Amendment or answer interrogatories and risk self-incrimination was unfair, unjust, or a due process violation." *Id.* at 19:23-26. The defendants in *Kordel* did not make that argument. They argued that their criminal convictions should be vacated because one of the defendants provided civil interrogatory responses on behalf of a corporation. The Court held this did not amount to compulsory self-incrimination. 397 U.S. at 7-9.

point: that is precisely the reason why courts *grant* the relief sought by Defendants.[3]

Nor are the cases denying a stay and cited by the FTC apt. *See* Joint Stip. at 20 n.11, 21:7-11 (ECF 139). All applied the factors articulated in *Keating*, which as discussed, only purports to govern requests to stay an entire action, not Defendants' narrower request for a protective order. *See id.* at 9 n.5.

### A. The FTC's Discovery Demands Place an Undue Burden on Mr. Michaels' and Mr. Feldman's Constitutional Rights

Since the parties submitted their joint stipulation, Defendants have discovered additional evidence of coordination between the FTC and the HBPD. FTC Production 1, which the Court recently ordered Defendants to review (ECF 137), contains evidence that in the weeks leading up to the FTC's filing of its contempt motion, the HBPD used the state criminal process to obtain evidence supporting an alleged violation of the Federal Trade Commission Laws, even though those laws provide for no state or federal criminal sanction. Parker Decl., Exh. A at 6, 8 (filed concurrently) (Feb. 3, 2014 search warrant served on KPMG). Pursuant to this warrant, KPMG produced Mytel's tax records on March 13, 2014. *Id.*, Exh. B. Upon receiving the records, the HBPD immediately provided them to the FTC. *See id.*, ¶ 4. In short, it appears that the FTC, HBPD, and OCDA have engaged in the very sort of "'manipulat[ion]' of their respective civil and criminal proceedings" that the FTC denies.[4] Joint Stip. at 23-24 n.19.

Thus, even if *Keating* did apply in this instance, the requested protective order would be warranted given that *Keating* requires courts to give significant weight to the burden civil discovery would impose on the defendant's privilege

---

[3] *See, e.g., Chao v. Fleming*, 498 F. Supp. 2d 1034, 1039 (W.D. Mich. 2007); *Jones v. City of Indianapolis*, 216 F.R.D. 440, 451 (S.D. Ind. 2003); *Fed. Ins. Co. v. Tabb*, 1991 WL 113204, at *1 (N.D. Ill. 1991); *SEC v. Vesco*, 16 Fed. R. Serv. 2d 1237, 1973 WL 366, at *2 (S.D.N.Y. 1973).

[4] FTC Production 1 also contains a letter that the HBPD sent to the FTC on June 21, 2013, when it first provided documents to the FTC. The letter states: "Any assistance the FTC can provide [with the HBPD's investigation] would be greatly appreciated." Parker Decl., Exh. C.

against self-incrimination. *See* 45 F.3d at 324-26. Here, where the FTC is so clearly and closely coordinating with the criminal authorities who have said that criminal charges are "inevitable," there can be little argument that the burden on Mr. Michaels' and Mr. Feldman's Constitutional rights would be severe. Where the FTC waited almost 25 years to bring its case, where it is working in tandem with the HBPD, and where at least one of the defendants was explicitly excluded from the 1988 Order, the requested protective order is the appropriate way of proceeding. Indeed, the FTC does not contest that its discovery requests would burden Mr. Michaels' and Mr. Feldman's Constitutional rights. But instead of addressing this reality in full, it argues that a protective order is not warranted by relying on cases where the burden on a defendant's Fifth Amendment right was essentially non-existent.[5] Its citations are thus largely irrelevant. Particularly given the newly discovered evidence of collusion, a protective order is warranted.

## II.   A PROTECTIVE ORDER IS NOT THE EQUIVALENT OF A STAY

As noted above, the FTC's argument that Mr. Michaels and Mr. Feldman are effectively requesting a stay of the proceedings is a red herring. The FTC ignores the extensive discovery it has already served (Joint Stip. at 7 n.4) and has indicated it intends to serve. Kim Decl., Att. A (ECF 138-4, at 5) (Aug. 6, 2015 R. Kim email indicating the FTC intends "to schedule numerous other depositions" in October). And the FTC's assertion that the depositions of Mr. Michaels and Mr. Feldman are "critical to the FTC's contempt case" (Joint Stip. at 22:12-13) is belied by its prior representations that the evidence it assembled before filing its contempt motion was "sufficient." Order, at 13 & n.7 (ECF 106) (quoting Jan. 27, 2015 Evid.

---

[5] *See IBM Corp. v. Brown*, 857 F. Supp. 1384, 1387 (C.D. Cal. 1994) (no burden where individual defendants waived their privilege by testifying freely at prior depositions); *FTC v. J.K. Publications, Inc.*, 99 F. Supp. 2d 1176, 1198-99 (C.D. Cal. 2000) (burden minimal where criminal charges related to events that occurred after the civil case was filed and defendant waived any privilege with regard to prior events by testifying at a deposition); *ESG Capital Partners LP v. Stratos*, 22 F. Supp. 3d 1042, 1046 (C.D. Cal. 2014) (burden diminished where defendant eagerly testified about the key facts at his detention hearing in the criminal case).

Hr'g Tr., at 177). The FTC can certainly move forward with this case while at the same time the Court protects Mr. Michaels and Mr. Feldman's constitutional rights.

### III. A PROTECTIVE ORDER POSTPONING MR. MICHAELS AND MR. FELDMAN'S RESPONSES TO RFPS #1-19 AND 21 IS WARRANTED

For largely the same reasons, a protective order as to the FTC's document requests is warranted. The FTC raises irrelevant arguments to contest this point.

First, the FTC argues that the Fifth Amendment does not shield Mytel's corporate records from production. Joint Stip. at 25-26 (ECF 139). As the FTC well knows, Mytel will not be asserting any Fifth Amendment objections. Kim Decl, Att. A (ECF 138-4, at 4) (Aug. 7 email). Second, the FTC argues that a protective order may not properly be sought as to RFP requests and that assertion of a defendant's Fifth Amendment rights is required. Joint Stip. at 26-27. None of the cases cited by the FTC support this conclusion, and other courts have granted protective orders in circumstances identical to those before the Court. *See, e.g., Freedom Med. Inc. v. Gillespie*, 2006 WL 3924101, at *1 (E.D. Pa. 2006).[6] Third, the FTC argues that its RFPs comply with the scope of discoverable information under Fed. R. Civ. P. 26. Joint Stip. at 27. That is not relevant. Rule 26(c) provides for protective orders even where the information sought is otherwise discoverable.

### CONCLUSION

The FTC is being less than straightforward with the Court. This case can easily proceed with the granting of the requested protective order. The FTC is in close coordination with the criminal authorities to an unacknowledged extent. The Court should exercise its discretion and grant the requested protections.

---

[6] The FTC appears to argue that a protective order is unwarranted because act-of-production immunity can be a fact-intensive inquiry. Joint Stip. at 26:11-18 (ECF 139). But that argument makes no sense where there is no factual dispute. As Defendants have explained (*id.* at 15:16-16:6), the law is clear that the production of any documents would be testimonial unless *the FTC* establishes the existence and Mr. Michaels' or Mr. Feldman's possession of those documents with "reasonable particularity." *In re Grand Jury Subpoena*, 383 F.3d 905, 910 (9th Cir. 2004). The FTC has twice refused to identify any documents for which it believes it could make such a showing. *See* Joint Stip. at 16:4-6 (ECF 139).

Dated: August 18, 2015

COURTNEY J. LINN
THOMAS S. McCONVILLE
WARRINGTON S. PARKER III
Orrick, Herrington & Sutcliffe LLP

By: /s/ Warrington S. Parker III
WARRINGTON S. PARKER III
Attorneys for Defendants Mytel International, Inc. and Gilbert Michaels

TERRY W. BIRD
ARIEL A. NEUMAN
Bird, Marella, Boxer, Wolpert, Nessim, Drooks & Lincenberg, P.C.

By: /s/ Ariel A. Neuman
ARIEL A. NEUMAN
Attorneys for Defendant
Jerry P. Feldman

(As authorized by Counsel on August 18, 2015)